**WILEY REIN & FIELDING, Plaintiff,**

v.

**U.S. DEPARTMENT OF COMMERCE, Defendant.**

Civ. A. No. 91–890.

United States District Court, District of Columbia.

Jan. 31, 1992.

Bert Rein, Laney J. Simon, Wiley Rein & Fielding, Washington, D.C., for plaintiff.

Patricia D. Carter, Asst. U.S. Atty., Washington, D.C., for defendant.

## MEMORANDUM OPINION AND ORDER

SPORKIN, District Judge.

On December 20 of 1990, plaintiff filed a Freedom of Information Act (FOIA) request with the defendant, seeking a variety of documents relating to the Department's activities in connection with the Paris Air

Show. The dispute with respect to all but one set of documents has been resolved. The parties have filed cross-motions for summary judgment, and as there is no genuine issue of material fact left in dispute, the case is appropriate for summary judgment.

The Court held a hearing on October 10, 1991 where it was agreed by the parties that only one set of documents remained in contention. These documents are the "call sheets." Plaintiff's counsel described them as follows:

> Call sheets are notations made by the salesmen employed by the Department of Commerce when they call customers and we wanted those because they disclose the sales tactics being used by the Commerce Department ... Transcript of Hearing, October 10, 1991, at 6.

In *Defendant's Statement of Material Facts*, defendant explains that the information identifying who was called has been released to plaintiff; however, the "substance of the communication" has been withheld. The defendant claims that this information is protected by FOIA exemption 4, 5 U.S.C. § 552(b)(4) because the call sheets contain confidential information about private parties. The government takes the position that the information provided by the private parties is so closely intertwined with the information about the Department's solicitation that it cannot be redacted or otherwise separated to accommodate plaintiff's request. They also assert that the information was obtained from the private parties by the agency under assurances of confidentiality.

In order to make a ruling, the Court has reviewed unredacted versions of the documents in question *in camera*. I am now prepared to give a decision.

FOIA exemption 4 says that an agency need not disclose

> trade secrets, and commercial or financial information obtained from a person and privileged or confidential. 5 U.S.C. § 552(b)(4).

The scope of exemption 4 has long been defined by *National Parks and Conservation Ass'n v. Morton*, 498 F.2d 765 (D.C.Cir.1974). *National Parks* sets forth a two prong test for determining whether exemption 4 applies. A document may be withheld where to disclose it would either

(a) "cause substantial harm to the competitive position of the person from whom the information was obtained."

or

(b) "impair the Government's ability to obtain necessary information in the future" 498 F.2d at 770.

In this instance, there has been no showing that either the Government or the companies solicited would be hurt by disclosure of this information. A review of the call sheets evidences nothing that requires protection.

Defendant has submitted a declaration from the Director of the Office of Aerospace Market Development, David C. Bowie, in which he states that

> On the basis of my experience in providing assistance to entities interested in exporting and my staff's communications with companies involved in exporting aerospace products, I concluded that if this information were required to be publicly disclosed, companies would hesitate to contact the Office of Aerospace Market Development and would be inclined to cease approaching this office for assistance. *Declaration of David C. Bowie* at 3.

This statement is not directly relevant to the call sheets since all of the information they contain was collected when government employees contacted the private companies, not vice versa. No evidence has been submitted to suggest that the companies themselves object to the disclosure of this information. Hence, under the first prong of the *National Parks* test, the information should be released to the plaintiff.

The second prong of the *National Parks* test gives the same result. There are very few instances where the government's ability to obtain information can be impaired, and this is not one of them. As this Court has already discussed in *Teich v. F.D.A.*, 751 F.Supp. 243 (1990), where the govern-

ment regulates a party, it does not need to rely on voluntary efforts by the regulated party to obtain information. It can—and often should—compel disclosure to further its regulatory mission.

Admittedly, this case is different because the companies who gave information to the Office of Aerospace Market Development are not directly regulated by that office.[1] However, there is still no showing that the government's future efforts to make solicitations like these will be impaired if this information is released. The call sheets do not contain sensitive information. The defendant has already disclosed the names of the companies that were called. There is no reason to believe that when personnel in the Office of Aerospace Market Development make these calls in the future, the parties called will fail to answer yes or no when asked if they are interested in renting space in the pavilion. On those occasions where they gave an explanation, they disclosed information that they would would in all likelihood have told anyone who asked. There is no appreciable risk to the government in requiring that they give the call sheets to the plaintiffs.

It is the decision of this Court that these documents are not protected by FOIA exemption 4 and should be produced to plaintiff.

---

1. The concern expressed in *National Parks* about impairing the voluntary flow of information to the government must have its limits. Volunteered information may expedite governmental operations, but any gains in efficiency must be balanced against the policy objective which underlies FOIA: to open the workings of government to public scrutiny. If information is vital to an agency's program, than it ought not to rely on voluntary disclosure and should instead use its authority to collect it. Where there are other circumstances that may require protection from disclosure, like an ongoing law enforcement operation or an as yet uncompleted agency decisionmaking process, FOIA provides other specific exemptions.