**WILEY, REIN & FIELDING, Plaintiff,**

v.

**U.S. DEPARTMENT OF COMMERCE, Defendant.**

**Civ. A. No. 91–890.**

United States District Court, District of Columbia.

June 16, 1992.

---

Bert Rein, Laney J. Simon, Wiley Rein & Fielding, Washington, D.C., for plaintiff.

Patricia D. Carter, Asst. U.S. Atty., Washington, D.C., for defendant.

## MEMORANDUM OPINION AND ORDER

SPORKIN, District Judge.

Plaintiff in this case filed an action under the Freedom of Information Act seeking the disclosure of certain records pertaining to the pavilion at the Paris Air Show sponsored by the Department of Commerce. The Department of Commerce voluntarily produced some of the records, and the Court granted plaintiff's motion for summary judgment requiring the Department to turn over the balance of the records requested. 782 F.Supp. 675.

Plaintiff has now filed a motion for attorney's fees. The Court held a hearing on the motion and is now prepared to decide it. According to the provision of the Freedom of Information Act governing attorney's fees, "A court may assess against the United States reasonable attorney fees and other litigation costs reasonably incurred in any case under this section in which the complainant has substantially prevailed." 5 U.S.C. § 552(a)(4)(E). As the Court of Appeals has said, whether or not a party has "substantially prevailed" is "largely a question of causation." *Weisberg v. U.S. Department of Justice,* 745 F.2d 1476, 1496 (D.C.Cir.1984). By bringing this law suit and winning its motion for summary judgment, the plaintiff was able to get the documents released. The Department of Commerce did make a diligent search for the documents, and it did review them before the suit was filed, but it refused to release them. The Department has presented no information to suggest that it would have released the documents absent a court order. Therefore, the Court concludes that it was not simply the filing of the suit but also the plaintiff's successful argument for summary judgment that ultimately caused the government agency to release the materials in question. *But see Weisberg,* 745 F.2d at 1496 (plaintiff has not successfully prevailed where defendant produces documents after suit is filed but before any court order is issued). The plaintiff in this action did substantially prevail.

Courts have identified four additional criteria that must be met in order for a party to receive attorney's fees. These criteria are as follows:

> (1) the benefit to the public, if any derived fromthe case; (2) the commercial benefit to the complainant; (3) the nature of the complainant's interest in the records sought; and (4) whether the government's withholding of the records had a reasonable basis in law.

*Fenster v. Brown,* 617 F.2d 740, 742 (D.C.Cir.1979). All of these criteria have been met in this case. Plaintiff sought these documents so that it could prepare a legislative initiative to change United States policy concerning the Paris Air Show. The public does stand to benefit from a full and fair public policy debate about United States participation in the Paris Air Show. Although plaintiff acknowledges that it would receive a commercial benefit from a change in policy, it did not want to use the documents for commercial purposes. Transcript, 6. For example, it is not seeking to solicit business from the same customers the Department of Commerce contacted about use of the United States pavilion. And finally, the government did not have a "reasonable basis in law" for withholding the documents. The Court reviewed the documents in camera. It determined that they did not contain sensitive information protected by the FOIA exemption for confidential material concerning private parties. *See* 5 U.S.C. § 552(b)(4).

Therefore, the Court concludes that the plaintiff has met the applicable criteria and is entitled to attorney's fees. As was discussed at the hearing the Court held on this motion, plaintiff will pay the Department of Commerce for search and copying costs. However, it will not, nor should it, pay for the costs of reviewing the documents.

An appropriate order accompanies this opinion.

### ORDER

For the reasons given in the foregoing opinion, it is this 15 day of June, 1992, hereby

ORDERED that defendant shall pay plaintiff reasonable attorney's fees incurred in the course of this action.