THREE FORKS RANCH
CORPORATION,
Plaintiff,

v.

THE BUREAU OF LAND MANAGE-
MENT, LITTLE SNAKE FIELD
OFFICE, et al.   Defendants.

No.  CIV. 04–0863(RJL).

United States District Court,
District of Columbia.

Feb. 23, 2005.

**2**

Edward C. Schmidt, Thompson Coburn LLP, Washington, DC, for Plaintiff.

Peter S. Smith, United States Attorney's Office, Washington, DC, for Defendants.

### MEMORANDUM OPINION AND ORDER

LEON, District Judge.

Three Forks Ranch Corporation ("Three Forks Ranch") brought a FOIA action to challenge the Bureau of Land Management, Little Snake Field Office's ("BLM") failure to timely provide information in response to a FOIA request. Before the Court is Defendants' Motion for Judgment on the Pleadings or, in the Alternative, Motion for a Stay of Proceedings, which contends, among other things, that Three Forks Ranch lacks standing to bring a FOIA challenge where the request was made by Three Forks Ranch's attorney, Mr. Von Holt, and the request did not specifically indicate that the request was being made "on behalf of" Three Forks Ranch. For the following reasons, the Court GRANTS Defendants' Motion for Judgment on the Pleadings or, in the Alternative, Motion for a Stay of the Proceedings and dismisses the action with prejudice.

### DISCUSSION

■ The issue of standing is a threshold question in every federal case. Its purpose, in the final analysis, is to determine whether the case is justiciable.

*Warth v. Seldin*, 422 U.S. 490, 498, 95 S.Ct. 2197, 45 L.Ed.2d 343 (1975). The inquiry made by the Court is "whether the plaintiff has alleged such a personal stake in the outcome of the controversy as to warrant his invocation of federal-court jurisdiction and to justify exercise of the court's remedial powers on his behalf." *Id.* at 498–99, 95 S.Ct. 2197 (internal quotation marks omitted). When the defendant seeks a judgment on the pleadings, the Court must determine whether the allegations in the complaint, despite any assertions in the answer, would provide the basis for a claim. *Haynesworth v. Miller*, 820 F.2d 1245, 1254 (D.C.Cir.1987).

On April 21, 2004, plaintiff's attorney, Dudley Von Holt, submitted a FOIA request to the BLM's FOIA Coordinator, Ms. Kathy Terenzi. Compl. Ex. B. In the request, Mr. Von Holt stated "[i]n order to help determine *my* status to assess fees, you should know that I am an attorney representing Three Forks Ranch Ranch Corp. in connection with evaluating the Clayton Williams APD." Compl. Ex. B (emphasis added).

■ The question before the Court is whether a FOIA request by a corporation's attorney, which merely mentions the corporation is sufficient to establish standing on the part of the corporation to challenge the agency's action. For the following reasons, the Court finds that a FOIA request made by an attorney must clearly indicate that it is being made "on behalf of" the corporation to give that corporation standing to bring a FOIA challenge.

■ Any person who submitted a request for existing documents that the petitioned agency denied has standing to bring a FOIA challenge. *See, e.g., United States v. Richardson*, 418 U.S. 166, 204, 94 S.Ct. 2940, 41 L.Ed.2d 678 (1974); *Rushforth v. Council of Econ. Advisers*, 762 F.2d 1038,

1039 n. 3 (D.C.Cir.1985). This includes a corporation. *MAXXAM Inc. v. FDIC,* No. 98–cv–0989, 1999 WL 33912624 at *2 n. 1 (D.D.C. Jan. 29, 1999) (noting that a FOIA request can be initiated by "any person," a term that includes individuals, partnerships, corporations, and foreign and domestic governments). Because a corporate entity is unable to sign anything itself, *Business Guides, Inc. v. Chromatic Communications Enters., Inc.,* 498 U.S. 533, 548, 111 S.Ct. 922, 112 L.Ed.2d 1140 (1991), it is permissible for an attorney or other agent to file a FOIA request on behalf of the corporation.

 While our Circuit has never specifically articulated the requirements for filing a FOIA request on behalf of another, other courts have found that an attorney must adequately identify that he is making the FOIA request for his client in order for the client to have standing to pursue a FOIA action. *See McDonnell v. United States,* 4 F.3d 1227, 1238 n. 6 (3d Cir.1993) (finding that a "passing reference to [the named plaintiff did] not sufficiently identify him with the person making the request to confer on him standing to challenge the denial of the request under FOIA"); *MAXXAM,* at *2 (stating that where an attorney did not adequately identify his representation of the client, the attorney was the "real party in interest"). Moreover, in this Circuit, "[a]ny arrangements [plaintiff's attorney has] with a third party are legally irrelevant for purposes of [a] FOIA request." *Burka v. U.S. Dep't of Health & Human Servs.,* 142 F.3d 1286, 1291 (D.C.Cir.1998).

In the April 21, 2004 FOIA request, Mr. Von Holt wrote in the first-person and did not specifically state that he was making the request "on behalf of" Three Forks Ranch. Like courts in other jurisdictions, this Court finds that although the request made by Mr. Von Holt *mentions* Three Forks Ranch, it is not clear that the request is being made on behalf of his client. It is unreasonable to expect overburdened FOIA administrators to interpret whether a request is being made by the individual writing the request letter, by someone else mentioned in the letter, or both. The Court finds that it was reasonable for the FOIA Coordinator to treat Mr. Von Holt's FOIA request as a request being made in his individual capacity. Therefore, Three Forks Ranch lacks standing to challenge the agency's actions.

### ORDER

For the reasons set forth above, it is this 22th day of February, 2005 hereby

**ORDERED** that the Defendants' Motion for Judgment on the Pleadings or, in the Alternative, Motion for a Stay of Proceedings [# 13] is **GRANTED,** and this action is dismissed with prejudice.

**SO ORDERED.**