UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

MICHAEL FRANCIS MURRAY,

    Plaintiff,

      v.

HARLEY G. LAPPIN,

    Defendant.

Civil Action No. 09-00992
DAR

## MEMORANDUM OPINION AND ORDER

Plaintiff brings this action against a government agency for alleged violations arising under the Freedom of Information Act (hereinafter "FOIA"), as amended 5 U.S.C. § 552, et. seq. Plaintiff alleges that the agency's untimely and inadequate response entitles him to a court order for production of the requested materials plus attorney's fees and litigation costs. Complaint ("Compl."), ¶¶ 9, 12. At issue in this action are provisions of the FOIA which govern the adequacy of the agency's search, and the plaintiff's eligibility for attorney's fees and costs. Pending for determination by the undersigned United States Magistrate Judge is Defendant's Motion for Summary Judgment (Document No. 9). Upon consideration of the motion, the memoranda in support thereof and in opposition thereto and the entire record, Defendant's motion will be granted.

**BACKGROUND**

At all times relevant hereto, Plaintiff, Michael Francis Murray, was an inmate at the Low

Security Correctional Institution at Allenwood, and Defendant, Harley G. Lappin, was the Director of the Federal Bureau of Prisons. ("FBOP")

Plaintiff states that on March 17, 2009, he mailed a letter to Defendant, requesting documents illustrating an accounting of expenditures paid out of the Inmate Trust Fund for the installation and anticipated cost of operation of the newly installed Trust Fund Limited Inmate Communication System ("TRULINCS"). Plaintiff further sates that he requested that the information be limited to the Low Security Correctional Institution at Allenwood in White Deer, Pennsylvania. Pl.'s Exhibit A. Approximately thirty days later, on April 17, 2009, after no response from the FBOP, Plaintiff submitted a written administrative appeal of the FBOP's refusal to release the requested documents. Plaintiff asserts that he never received a response regarding his appeal.[1]

On April 21, 2009, FBOP reassigned Plaintiff's original request from its Northeast Region to its Central Office, because the requested information was located in the Central Office. The following day, Alecia Sankey, Paralegal Specialist at the Central Office of the FBOP, received Plaintiff's request and proceeded to request the documents from the Administrative Division. Ms. Sankey did not contact Plaintiff regarding the status of his original request. On May 1, 2009, Ms. Sankey received five pages from the Administrative Division.[2]

On May 28, 2009, after Plaintiff exhausted his administrative appeal and had not received any word from the FBOP, he filed a *pro se* complaint in court seeking a declaratory judgment

---

[1]   Under 5 U.S.C. § 552 (a)(6)(A)(ii), an agency shall make a determination with respect to any appeal within twenty days (excepting Saturdays, Sundays, and legal public holidays) after the receipt of such appeal.

[2]   Of the five total pages, Ms. Sankey's declaration indicates that two of the pages were actual responsive documents and the remaining pages were a key to help Plaintiff understand the responsive documents.

and reasonable attorney's fees and litigation costs. On June 25, 2009, almost ninety days after Plaintiff's original request, Ms. Sankey mailed Plaintiff the responsive documents she received from the Administrative Division of the FBOP.[3]

On September 10, 2009, in response to Plaintiff's complaint, Defendant filed its motion for summary judgment. Defendant contends that (1) its search was adequate under the FOIA, provisions; (2) Plaintiff, as a *pro se* litigant, is not entitled to attorney's fees, and (3) Plaintiff has not substantially prevailed under the FOIA and therefore is not entitled to litigation costs.

## THE PARTIES' CONTENTIONS

Defendant moves for summary judgment on the grounds that there is no genuine issue of material fact as to (1) the adequacy of Defendant's search for documents under the FOIA and (2) Plaintiff's eligibility for and entitlement to attorney's fees and litigation costs. Memorandum of Points and Authorities in Support of Defendant's Motion for Summary Judgment ("Defendant's Memorandum") at 4, 6.

### *Adequacy of the Search*

Defendant maintains that summary judgment on the issue of the adequacy of the agency's search is appropriate because Defendant conducted a diligent and reasonable search for the responsive records. Defendant's Memorandum at 4. Defendant argues that a search is not unreasonable simply because it fails to reveal responsive information. *Id.* Defendant further posits that the mere fact that a document once existed does not mean that it now exists, nor does

---

[3] Ms. Sankey's declaration indicates that she was bound by the "first in the queue, first out" procedure and therefore could not mail Plaintiff's responsive documents until Plaintiff's request was reviewed in the FBOP queue. (Sankey Declaration, ¶ 5.)

the fact that an agency created a document necessarily imply that the agency has retained it.
*Id.* at 4-5.

Plaintiff, in his opposition, maintains that because he was not able to calculate the answer to his inquiry, based on the responsive documents received from Defendant, then Defendant's search must be deemed inadequate. Plaintiff's Opposition at 9. Plaintiff claims if the Court cannot reasonably deduce the costs of TRULINCS system based on the documents Defendant provided, then "no finding of adequacy . . . can be found . . . ." *Id.* at 10.

### Attorney's fees and litigation costs under the FOIA

Defendant argues that Plaintiff, as a *pro se* litigant is not entitled to an award of attorney's fees. Defendant's Memorandum at 6. Additionally, Defendant maintains that Plaintiff is not entitled to litigation costs because Plaintiff did not substantially prevail. *Id.* at 7.

Plaintiff contends that he has substantially prevailed because Defendant did not respond to Plaintiff's request prior to receiving service of process. Plaintiff's Opposition at 10. Plaintiff argues that based on Defendant's voluntary or unilateral change in position, he is entitled to attorney's fees and costs. *Id*. Plaintiff fails to cite any authority to support his contention that *pro se* litigants may be entitled to attorney's fees under the FOIA.

## APPLICABLE STANDARDS

### Summary Judgment

The undersigned finds that Defendant has met the necessary standards for the grant of summary judgment. "Summary judgment should be [granted] if the pleading, the discovery and disclosure materials on file and any affidavits show that there is no genuine issue as to material

fact and that movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(c); see

*Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242 (1986); *Laningham v. U.S. Navy*, 813 F.2d 1236,

1241 (D.C. Cir. 1987). The issue of material fact required by Fed. R. Civ. P. 56 © to be present

to entitle a party to proceed to trial is not required to be resolved conclusively in favor of the

party asserting its existence. To be material, a fact need not be an element of a cause of action or

defense but must be an issue; rather, it must be within the range of litigated matters in the

controversy. C. McCormick, *Evidence* § 184 (3d ed. 1984).

The party seeking summary judgment always bears the initial responsibility of informing

the court of the basis for the motion, and identifying those portions of the pleadings, depositions,

answers to interrogatories and admissions on file, together with the affidavits, if any, which it

believes demonstrate the absence of a genuine issue of material fact. *Celotex Corp. v. Catrett*,

477 U.S. 317, 323 (1986).

In a FOIA case, summary judgment may be granted to the government if the agency

proves that is has fully discharged its obligations under the FOIA, after the underlying facts and

the inferences to be drawn from them are construed in the light most favorable to the FOIA

requester. *Fischer v. Dep't of Justice*, 596 F. Supp. 2d 34, 42 (D.D.C. 2009).

**STATUTORY FRAMEWORK**

Under the Freedom of Information Act, an agency is required, upon request, to make

available to the public, for inspection and copying, various rules, descriptions, and procedures of

the agency. 5 U.S.C. § 552 (a)(2). Congress enacted [the] FOIA for the purpose of introducing

transparency to government activities. *Accuracy in Media, Inc. v. Nat'l Transp. Safety Bd.*, 2006

U.S. Dist. LEXIS 21532, at \*10 (D.D.C. March 29, 2006) (citing *Stern v. F.B.I.*, 737 F.2d 84, 88

(D.C. Cir. 1984)).  The FOIA represents a carefully balanced scheme of public rights and agency

obligations designed to foster greater access to agency records than existed prior to its enactment.

*McGehee v. C.I.A.*, 697 F.2d 1095, 1105 (D.C. Cir. 1983) (quoting *Kissinger v. Reporters Comm.*

*for Freedom of the Press*, 445 U.S. 136 (1980)).

**DISCUSSION**

*Exhaustion of Administrative Remedies*

As an initial matter, the undersigned finds that Plaintiff has exhausted his administrative

remedies.  Plaintiff asserts that he did not receive a response, from the FBOP, to his initial FOIA

request or his administrative appeal before filing this action.  Under the FOIA, a person is

deemed to have exhausted his administrative remedies if the agency fails to comply with the

applicable time period.  5 U.S.C. § 552 (a)(6)(C)(I).  This provision allows a maximum thirty

(30) day response to a FOIA request.  Here, the Plaintiff sent his request on March 17, 2009 and

FBOP did not respond for over ninety days, until June 25, 2009.[4]  Due to the FBOP's failure to

respond under the statutory time line, the court finds that Plaintiff has properly filed his

complaint in this court.

*Adequacy of Search*

The court finds the Defendant has met his obligations for summary judgment on the issue

of adequacy of the agency's search.  Plaintiff asserts that based on the documents provided by the

---

[4]  Defendant indicates through its submission of Alecia Sankey's declaration that the FBOP uses a first in the queue first out process in response to FOIA requests, the court will consider this procedure despite the fact that it is not in line with the legislative intent of the time allotment for responses to the act under 5 U.S.C. § 552 (a)(6)(C)(i).

FBOP, the search for requested documents is not adequate because he is not able to calculate the costs of for TRULINCS paid through the Low Security Correctional Institution.  The court is guided by the principles of reasonableness when determining the adequacy of a FOIA search. *Oglesby v. Dep't of the Army*, 79 F.3d 1172 (D.C. Cir. 1996).  The FOIA puts an agency under no obligation to create documents, but only requires disclosures of certain documents which the law requires the agency to prepare or which the agency has decided for its own reasons to create. *Weisburg v. Dep't of Justice*, 705 F.2d 1344, 1363 (D.C. Cir. 1983).  Where an FOIA requester concluded an agency's records not to be sufficient to resolve his issue, the court found agency was not required to expound efforts to create documents for the benefit of the FOIA requester. *NLRB v. Sears, Roebuck & Co.*, 421 U.S. 132 (1975).

Furthermore, a search is not unreasonable because it fails to yield the requested material; rather, "the test is whether the search passes the threshold of reasonableness, not whether the fruits of the search met plaintiff's aspirations." *Accuracy in Media, Inc. v. Nat'l Transp. Safety Bd.*, 2006 U.S. Dist. LEXIS 21532, at *19 (D.D.C. March 29, 2006) (quoting *Boggs v. United States*, 987 F. Supp. 11, 20 (D.D.C. 1997)).  A plaintiff's speculation as to the existence of additional records responsive to a FOIA request, absent support for his allegations of agency bad faith, does not render an agency's search inadequate. *Concepcion v. FBI*, 606 F. Supp. 2d 14, 30 (D.D.C. 2009).  To obtain summary judgment on the issue of adequacy of the records search, an agency must meet its burden of proof through submission of affidavits or declarations that explain both in reasonable detail and in a non conclusory fashion the scope and method of the agency's search. *Perry v. Block*, 684 F.2d 121, 127 (D.C. Cir. 1982).

Here, in support of his motion for summary judgment, Defendant submitted the

Declaration of Alecia Sankey, who indicated that the scope of her search extended to the

Financial Management Information System, managed by the Administrative Division. Sankey

Decl. ¶ 4. Further, Defendant submitted the Declaration of E. Francine Scott, Chief of the

Operations the Trust Fund Branch for the FBOP, who stated that the search performed within

that system was tailored to the parameters set forth in Plaintiff's FOIA request. Scott Decl. at 1-

2. Ms. Scott's declaration indicates that the agency has created particular financial documents

for its own accounting purposes under the requirements in *Weisburg*. The court finds that the

FBOP has presented sufficient evidence to demonstrate that it complied with the requirement that

the FBOP produce documents which the law requires it to maintain. Any further information

Plaintiff has requested that the agency has not decided to make a record of does not indicate a

deficiency in the adequacy of the search.

The Court is not moved by Plaintiff's assertion that if this court cannot determine from

the produced documents the costs of TRULINCS, then the adequacy of the FBOP's search

should not be found. The FBOP's declarations are sufficient to demonstrate an agency's

compliance with the FOIA. *Perry*, 684 F.2d at 127. The court finds that both declarations of the

agents of the FBOP would lead any trier of fact to conclude that the agency was in compliance

with the standards for a search under the FOIA. There is no genuine issue of material fact

regarding the adequacy of the FBOP's search if the agency has submitted the proper evidence to

show that used the proper scope and method in an effort to respond to Plaintiff's FOIA request,

which Defendant has properly shown. Plaintiff cannot merely declare that because he cannot

affirmatively calculate the costs for the LSCI from the documents he was provided, that

somehow the FBOP should be required to compile a database that would allow such a

calculation.  Therefore, the Court finds in favor of Defendant as to the motion for summary

judgment on the issue of the adequacy of its search.

### Attorney's Fees and Reasonable Costs for Prevailing Party

Viewing the evidence in a light most favorable to the non moving party, the undersigned

finds that there is no evidence from which a reasonable trier of fact could find that Plaintiff has

proven he is eligible for *and* entitled to attorney's fees.  Summary judgment therefore will be

granted in favor of Defendant with respect to Plaintiff's claim for reasonable attorney's fees and

costs because Plaintiff has failed to allege his legal entitlement to attorney's fees.

The court finds that Plaintiff is not entitled to attorney's fees as a *pro se* plaintiff.  This

Circuit has held that a person who has appeared *pro se* in a FOIA case, is ineligible for an award

of fees and costs.  *Burka v. U.S. Dep't of Health and Human Serv.*, 142 F.3d 1286 (D.C. Cir.

1998).  The Circuit held that the word attorney in the fee provision of the FOIA "assumes an

agency relationship, and it seems likely that Congress contemplated an attorney client

relationship as the predicate for an award . . . ."  *Burka*, 142 F.3d at 1288 (citing *Kay v. Ehrler*,

499 U.S. 432 (1991)).  Although in *Kay*, the issue of attorney's fees surrounded the fee provision

under 42 U.S.C. § 1988, this Circuit held that *Kay* was binding on the issue of attorney's fees

because "the Supreme Court [] implicitly rejected a distinction between fee claims arising under

§ 1988 and the FOIA."  *Burka*, 142 F.3d at 1289 (quoting *Benavides v. Bureau of Prisons*, 993

F.2d 257 (D.C. Cir. 1993)).  The specific purpose of the fee provision was to "enable potential

plaintiffs to obtain the assistance of competent counsel in vindicating their rights."  *Burka*,142

F.3d at 1288 (quoting *Kay v. Ehrler*, 499 U.S. 432 (1991)).  Here, Plaintiff has brought his FOIA

claim as a *pro se* litigant.  Awarding him attorney's fees would therefore defeat the legislative intent of the fee provision set forth in the FOIA.  Accordingly, the court finds that Defendant is entitled to summary judgment as to this issue.

**CONCLUSION**

For all the foregoing reasons, it is, this 5th day of August, 2011,

**ORDERED** that Defendant's Motion for Summary Judgment is **GRANTED**; and it is

**FURTHER ORDERED** that judgment is entered for defendant in accordance with the separate Final Judgment filed on this date.

_____/s/_____
DEBORAH A. ROBINSON
United States Magistrate Judge