# United States Court of Appeals
**FOR THE DISTRICT OF COLUMBIA CIRCUIT**

Argued February 25, 2013        Decided June 18, 2013

No. 12-5032

JEFFERSON MORLEY,
APPELLANT

v.

CENTRAL INTELLIGENCE AGENCY,
APPELLEE

Appeal from the United States District Court
for the District of Columbia
(No. 1:03-cv-02545)

*James H. Lesar* argued the cause and filed the briefs for appellant.

*Benton Peterson*, Assistant U.S. Attorney, argued the cause for appellee. With him on the brief were *Ronald C. Machen Jr.*, U.S. Attorney, and *R. Craig Lawrence*, Assistant U.S. Attorney.

Before: KAVANAUGH, *Circuit Judge*, and EDWARDS and WILLIAMS, *Senior Circuit Judges*.

Opinion for the Court filed PER CURIAM.

Concurring opinion filed by *Circuit Judge* KAVANAUGH.

PER CURIAM: Jefferson Morley submitted a Freedom of Information Act request to the CIA for records related to CIA officer George E. Joannides. Morley believed the records might shed light on the assassination of President John F. Kennedy because Joannides had served as the CIA case officer "in charge of" a Cuban group whose officers had contact with Lee Harvey Oswald in the months before the assassination. After not obtaining documents from the CIA, Morley filed a FOIA suit and as a result subsequently received some documents from the CIA. Morley then sought attorney's fees as a substantially prevailing party. *See* 5 U.S.C. § 552(a)(4)(E)(i). The District Court applied the four-factor standard that this Circuit has set forth for considering a substantially prevailing party's entitlement to attorney's fees in FOIA cases. *See Morley v. CIA*, 828 F. Supp. 2d 257, 261 (D.D.C. 2011). Those four factors are: (1) the public benefit derived from the case, (2) the commercial benefit to the requester, (3) the nature of the requester's interest in the information, and (4) the reasonableness of the agency's conduct. Applying those four factors, the District Court determined that Morley should not receive attorney's fees. *Id.*

This Court recently elaborated on one of those four factors, the public-benefit factor, which looks to the public benefit derived from the plaintiff's FOIA suit. *See Davy v. CIA*, 550 F.3d 1155 (D.C. Cir. 2008). *Davy*, like this case, concerned a request for records related to President Kennedy's assassination. In *Davy*, this Court said that records "about individuals allegedly involved in President Kennedy's assassination[] serve[] a public benefit." *Id.* at 1159. We also noted that the standard for entitlement to attorney's fees does not "disqualify plaintiffs who obtain information that, while arguably not of immediate public interest, nevertheless enables further research ultimately of

great value and interest, such as here the public understanding of a Presidential assassination." *Id.* at 1162 n.3. We concluded, moreover, that "a balancing of the factors can only support the conclusion that Davy is entitled to an award of attorney's fees." *Id.* at 1163.

In this case, the District Court did not consider the *Davy* Court's analysis of the public-benefit factor. *See Morley*, 828 F. Supp. 2d at 262-64. We therefore vacate and remand for the District Court to apply the four-factor standard in a manner consistent with *Davy*. We take no position here on whether the District Court should award fees.

*So ordered.*

KAVANAUGH, *Circuit Judge*, concurring: The Freedom of Information Act provides: "The court may assess against the United States reasonable attorney fees and other litigation costs reasonably incurred in any case . . . in which the complainant has substantially prevailed." 5 U.S.C. § 552(a)(4)(E)(i). In determining whether a substantially prevailing FOIA plaintiff is entitled to attorney's fees, this Court has long applied a four-factor standard that looks to (1) the public benefit derived from the case, (2) the commercial benefit to the requester, (3) the nature of the requester's interest in the information, and (4) the reasonableness of the agency's conduct. *See Cuneo v. Rumsfeld*, 553 F.2d 1360, 1365 (D.C. Cir. 1977); *see also Nationwide Building Maintenance, Inc. v. Sampson*, 559 F.2d 704, 714 (D.C. Cir. 1977).

We should ditch the four-factor standard. As Judge Randolph has cogently explained, the four factors have no basis in the statutory text. *See Davy v. CIA*, 550 F.3d 1155, 1166 (D.C. Cir. 2008) (Randolph, J., dissenting); *Burka v. HHS*, 142 F.3d 1286, 1293-94 (D.C. Cir. 1998) (Randolph, J., concurring). And Congress's decision not to include the four factors in the statutory text appears to have been deliberate: The four factors were in the original Senate bill addressing FOIA attorney's fees, but the final bill did not include them. To be sure, the factors were mentioned in a Senate committee report, but the Supreme Court recently reiterated – in an eight-Justice opinion by Justice Kagan in a FOIA case – that we should heed the statutory text of FOIA, not committee reports. *See Milner v. Department of the Navy*, 131 S. Ct. 1259, 1267 (2011). In short, the text of FOIA does not require this four-factor standard.

Rather than mandating a four-factor standard, FOIA grants courts discretion to determine when attorney's fees should be awarded. It is not inappropriate for courts to flesh out that discretion with specific rules or standards that are

rational and consistent with the structure and purposes of FOIA.  But the four-factor standard adopted by this Court is arbitrary and inconsistent with the structure and purposes of FOIA.

FOIA is an equal-opportunity disclosure statute.  For disclosure purposes, FOIA treats all requests and requesters the same – no matter the identity of the requesters, the specific benefit that might be derived from the documents, or the requesters' overt or subtle motives.  *See* 5 U.S.C. § 552(a)(3)(A) ("each agency . . . shall make the [requested] records promptly available to *any person*") (emphasis added).  With that backdrop, three of the four factors in the four-factor standard for attorney's fee awards make little sense in the FOIA context – namely, the three factors that require evaluation of the public benefit derived from the case, the commercial benefit to the requester, and the nature of the requester's interest.  Those three factors incentivize and reward only certain kinds of FOIA requests and requesters, notwithstanding that FOIA deliberately renders the nature of the request and the identity of the requester irrelevant to whether a request should be granted.  Those three factors are therefore in tension with the basic structure and purposes of FOIA.

Apart from the three factors' basic incompatibility with FOIA's structure and purposes, the three factors in application generate additional problems.  With respect to the first factor, the public benefit from the case, how can courts know whether some disclosures of government documents benefit the public more than others?  How does a judge evaluate "public benefit" in a principled way?  Doesn't this factor inevitably devolve into what *the judge* subjectively thinks is important, rather than an objective determination?  And what about cases where the degree of public benefit may become

apparent only years later, after the litigation has ended? After all, information sometimes becomes meaningful only when later pieced together with other information. And more broadly, even if the information is of value only to a small group or segment of the public, why treat those citizens as second class in determining who gets attorney's fees? Put simply, the public-benefit factor is riddled with arbitrariness in addition to contravening the basic equality-of-requester principle embodied in FOIA. *See Burka*, 142 F.3d at 1293-94 (Randolph, J., concurring).

The second and third factors – the commercial benefit to the requester and the nature of the requester's interest – are similarly flawed. Courts have stated that the requester's potential commercial benefit from the information counsels against a fee award. But no business is a bottomless well, and that is especially true of small businesses and individual proprietors. And if attorney's fees are not available, some businesses presumably will not litigate some FOIA disputes that they might otherwise have litigated. Yet FOIA doesn't prioritize certain kinds of requests or requesters over others. Moreover, the case law has drawn an odd distinction between an ordinary business's commercial interests (which count against an award of fees) and a news organization's commercial interests (which do not count against an award of fees). But one of the broad purposes of FOIA was to enable all citizens to directly access government information without having to rely on filters. So why penalize non-media businesses that directly seek more information about how the government is carrying out its responsibilities? And to add a further complication, who qualifies and doesn't qualify as a news organization today? In short, the second and third factors also rest on arbitrary and ill-considered distinctions. *See Burka*, 142 F.3d at 1293-94 (Randolph, J., concurring).

When taken together, these factors cause even more problems for FOIA plaintiffs and for the courts. The factors are so vague and malleable that they provide very little guidance to district courts. That leads to unpredictable and inconsistent fees results from case to case and judge to judge. And that unpredictability undermines whatever incentive the four-factor standard is supposed to create in the first place for plaintiffs with meritorious FOIA claims. In light of the uncertainty, how can would-be FOIA plaintiffs count on fees even if they have a meritorious claim?

To reiterate, if FOIA *required* courts to consider these four factors, we would have to make the best of it. But FOIA does not so require. The courts have adopted the factors on our own. In my view, we should stop relying on these atextual factors and stop discriminating against FOIA requesters' fee requests based on a necessarily ill-informed perception of public benefit and an arbitrary assessment of the nature of the requester's interests. *Cf. Sebelius v. Cloer*, No. 12-236, slip op. at 10 (U.S. 2013) (an interpretation of an attorney's fees provision should not be "inconsistent with the goals of the fees provision"); *Martin v. Franklin Capital Corp.*, 546 U.S. 132, 139-40 (2005) ("When applying fee-shifting statutes, we have found limits in the large objectives of the relevant Act . . . .") (internal quotation marks omitted).

We can do better. In an appropriate case, I think the Court should jettison the four-factor standard and adopt the rule from *Newman*, where the Supreme Court construed a similarly worded civil rights fees statute and held that prevailing plaintiffs should receive attorney's fees – with only a very narrow exception for "special circumstances" such as bad faith by a prevailing plaintiff. *See Newman v. Piggie*

5

*Park Enterprises, Inc.*, 390 U.S. 400, 402 (1968).[1] A *Newman*-style rule for FOIA fee awards would be clear and predictable, would treat FOIA requests and requesters equally, and would incentivize would-be FOIA plaintiffs with meritorious claims. As a narrower alternative, albeit one not as favorable to FOIA plaintiffs as the *Newman* rule, we could simply continue to use the one factor from the current four-factor standard that makes some sense in the FOIA context: the reasonableness of the agency's conduct. That factor makes some sense because it discourages a federal agency from using its superior administrative and litigation resources to unfairly wear down meritorious FOIA plaintiffs. Under that approach, if the district court were to find that the agency acted unreasonably in withholding documents or otherwise acted unreasonably during the litigation, the district court would award attorney's fees to a substantially prevailing plaintiff. Otherwise, the district court would not award fees.[2]

Either of those two alternatives would be clear, simple, predictable, efficient, and consistent with the overarching structure and purposes of the statute – characteristics that courts should strive for when deciding cases and that are sorely lacking in the current four-factor standard.

---

[1] Notably, a Senate committee report cited the statute construed in *Newman* as the model for FOIA attorney's fee awards. *See* S. REP. NO. 93-854, at 17-18 (1974). Of course, the same Senate committee report elsewhere listed the four factors. *Cf.* ANTONIN SCALIA, A MATTER OF INTERPRETATION: FEDERAL COURTS AND THE LAW 36 (1997) (using legislative history can be like picking out your friends at a party).

[2] That factor is substantially the same as the standard for attorney's fees under the Equal Access to Justice Act. *See* 28 U.S.C. § 2412(d)(1)(A); *Burka*, 142 F.3d at 1293-94 (Randolph, J., concurring).

It's tempting to think that we should leave well enough alone given that we have applied the four-factor standard since our 1977 decision in *Cuneo*. Two points together convince me that inertia is not the right answer. First, Justice Kagan's majority opinion for the Supreme Court in *Milner* recently rejected a similarly atextual 30-year-old FOIA precedent from this Court. *See* 131 S. Ct. at 1267. The Supreme Court emphatically concluded that it did not matter that this Court had applied a contrary interpretation for three decades. *Id.* at 1268. The obvious lesson to be drawn from *Milner* is that we should not reflexively cling to FOIA decisions that were decided on the basis of legislative history during an era when statutory text was less central to statutory interpretation. Second, and just as important, the four-factor standard causes continuing real-world problems – among other things, drawing arbitrary and unfair distinctions among FOIA requesters and requests, and generating satellite litigation that is wasteful and unnecessary. This case, which is now going back for a second round in the District Court, is a good exhibit of wasteful and unnecessary satellite litigation. Under a *Newman* approach, Morley would already have his fees, and this litigation would have long since concluded.

As a three-judge panel, we of course have to adhere to the four-factor standard set forth in our precedents. Applying that four-factor standard, I accept the Court's decision today to vacate and remand in light of our prior decision in *Davy*. But the en banc Court has the authority to correct mistaken or outdated precedents of three-judge panels. I hope that, at some point, the en banc Court will adopt a more coherent approach, whether it be the *Newman* rule or a rule focused on the reasonableness of the agency's conduct. As stated above, I prefer the *Newman* rule, but either of those two alternatives would be a significant improvement over the current four-factor standard.