United States Court of Appeals,

Eleventh Circuit.

No. 94-5237.

Michael D. RAY, Plaintiff-Appellant,

v.

U.S. DEPARTMENT OF JUSTICE, Immigration and Naturalization Service, Defendants-Appellees.

July 16, 1996.

Appeal from the United States District Court for the Southern District of Florida. (No. 89-288-CIV-KLR), Kenneth L. Ryskamp, Judge.

Before EDMONDSON, Circuit Judge, FAY and GIBSON[*], Senior Circuit Judges.

EDMONDSON, Circuit Judge:

This appeal is one from the denial of an award of attorney's fees under the Freedom of Information Act. The award was sought for work done by a lawyer who (with the help of another lawyer) was representing himself. This appeal is also one from the refusal to enhance the fee award given the litigant-lawyer for his co-counsel's work on the case. We affirm.

Michael Ray, a lawyer, wanted access to Immigration and Naturalization Service (INS) documents about Haitian nationals who had been interdicted by the Coast Guard and who were later involuntarily returned to Haiti. Ray filed—in his own name—six requests for information about the interdictees under the Freedom of Information Act, 5 U.S.C. § 552, (FOIA). When INS did not respond to the requests, Ray sued (again in his own name). He

[*]Honorable Floyd R. Gibson, Senior U.S. Circuit Judge for the Eighth Circuit, sitting by designation.

proved his case, and the district court ordered INS to comply with FOIA's time limits. This order is reported at *Ray v. U.S. Dep't of Justice,* 770 F.Supp. 1544 (S.D.Fla.1990).

As a prevailing party, Ray filed a motion for attorney's fees under FOIA. *See* 5 U.S.C. § 552(a)(4)(E). Ray sought fees for his own legal work and fees for the legal work of another lawyer who assisted him. In a comprehensive order, *see Ray v. U.S. Dep't of Justice,* 856 F.Supp. 1576 (S.D.Fla.1994), the district court concluded that Ray, as a pro se plaintiff, was entitled to no award of attorney's fees for his own work. The court did award Ray fees for the work of his co-counsel. The court declined to enhance the amount of this award, however.

The first question in this appeal is whether Congress intended under 5 U.S.C. § 552(a)(4)(E) to permit a district court to assess against the United States "reasonable attorney fees" where the "fees" are based on the legal work of a pro se litigant who is also a lawyer. To answer this question we rely chiefly on *Kay v. Ehrler,* 499 U.S. 432, 111 S.Ct. 1435, 113 L.Ed.2d 486 (1991).

In *Kay,* the Supreme Court decided whether a pro se litigant who also is a lawyer could be awarded fees for his own services under 42 U.S.C. § 1988. While section 1988 was intended to "enable potential plaintiffs to obtain the assistance of competent counsel,"[1] the Court concluded that the "overriding statutory

---

[1]Congress observed that citizens with meritorious civil rights claims sometimes could not afford a competent attorney. *See generally Kay,* at 436 n. 8, 111 S.Ct. at 1437 n. 8. Fee shifting statutes seem to recognize the reality that "defending the underdog is fine, but it's usually the upperdog who can pay

concern" of the section was to encourage the retention of *independent* counsel by victims of civil rights violations. *Kay,* at 435-36, 111 S.Ct. at 1437. Permitting a fee award to a pro se litigant—even one who is a lawyer—would discourage such a plaintiff from employing independent counsel; so, the Court held no fees could be awarded. *Id.* at 435-38, 111 S.Ct. at 1437-38.

The fee shifting provisions of section 1988 and FOIA are substantially similar. (FOIA permits the court to assess against the United States "reasonable attorney fees." Section 1988 permits the court to award "a reasonable attorney's fee."). No difference in language dictates that the two statutes should be interpreted differently.[2]

And, Ray makes no arguments that the congressional policy behind section 1988 (that is, the policy of encouraging and enabling plaintiffs to employ independent counsel, *see Kay,* at 437-38, 111 S.Ct. at 1438) is not the same policy behind section 552(a)(4)(E). We think that the policies behind the two fee shifting statutes are the same. *See Benavides v. Bureau of*

---

the big fees." *See* Jack Mingo and John Javna, *Primetime Proverbs* 113 (1989) (quoting Alfred Hitchcock speaking on "Alfred Hitchcock Presents").

[2]On the text of FOIA, we also agree with the Supreme Court that the word "attorney" generally assumes some kind of agency (that is, attorney/client) relationship. *See Kay,* at 435-36, 111 S.Ct. at 1437; *see also Duncan v. Poythress,* 777 F.2d 1508, 1518 (11th Cir.1985) (en banc) (Roney, J., dissenting). The fees a lawyer might charge himself are not, strictly speaking, "attorney's fees."

And, where a lawyer represents himself, legal fees are not truly a "cost" of litigation—no independent lawyer has been hired (or must be paid) to pursue the FOIA complaint. *See Falcone v. IRS,* 714 F.2d 646, 647 (6th Cir.1983).

*Prisons,* 993 F.2d 257, 259-60 (D.C.Cir.1993) (discussing this issue in case involving pro se non-lawyer plaintiff); *cf. Celeste v. Sullivan,* 988 F.2d 1069, 1070 (11th Cir.1992) (applying *Kay* to non-lawyer pro se plaintiff in Equal Access to Justice Act case). So, we believe the principles announced in *Kay* apply with equal force in this case to preclude the award of attorney's fees Ray seeks for his own work.[3]

Ray also says that the district court abused its discretion in calculating the amount of the fee award given Ray for the work of his independent lawyer, see *Popham v. City of Kennesaw,* 820 F.2d 1570, 1581 (11th Cir.1987) (setting out standard of review). Ray argues that this amount is not reasonable given his "exceptional success." Put differently, Ray wants the lodestar enhanced. *See generally Norman v. Housing Authority of Montgomery,* 836 F.2d 1292, 1302 (11th Cir.1988). While Ray's lawyer did help Ray obtain an order which was important to some people, we conclude no abuse of discretion has been shown.[4] Given this conclusion, we do not consider whether *City of Burlington v. Dague,* 505 U.S. 557, 112 S.Ct. 2638, 120 L.Ed.2d 449 (1992), precludes enhancement of the lodestar under any circumstance.

---

[3]We also observe that any fact differences between this case and *Kay* (such as that Ray hired a lawyer to help him, that Ray was licensed to practice in the district in which he was litigating, or that Ray might have been acting "in the public interest") have no impact on this question of statutory construction.

[4]The district court found that the result obtained in this case was not "out of the ordinary, unusual or rare." Nor was the result "unexpected in the context of extant substantive law." The court said that it, in response to a suit filed by Ray, "merely ordered the INS comply with the mandates of FOIA."

AFFIRMED.