07-3124-cv
Pietrangelo v. United States Army

UNITED STATES COURT OF APPEALS

FOR THE SECOND CIRCUIT

_____

August Term, 2008

(Argued: November 25, 2008                                    Decided: June 4, 2009)

Docket No. 07-3124-cv

_____

JAMES E. PIETRANGELO, II,

*Plaintiff-Appellant*,


− v. −

UNITED STATES ARMY,

*Defendant-Appellee.*
_____

Before: JACOBS, *Chief Judge,* WALKER, CALABRESI, *Circuit Judges.*
_____

Appeal from a judgment of the United States District Court for the District of Vermont

(Sessions, *J.*) denying a *pro se* lawyer's motion for attorneys' fees under the fee-shifting

provision of the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552(a)(4)(E).  We join our

sister Circuits in holding that lawyers who represent themselves in FOIA litigation are not

eligible for attorneys' fees under section 552(a)(4)(E).  Accordingly, the judgment of the District

Court is AFFIRMED.

James E. Pietrangelo, II, South Burlington, Vt., *for Plaintiff-Appellant* (*pro se lawyer*)

Carol L. Shea, Assistant United States Attorney, *for* Thomas D. Anderson, United States Attorney for the District of Vermont, Burlington, Vt., *for Defendant-Appellee*.

PER CURIAM:

Plaintiff-Appellant James Pietrangelo, a lawyer appearing *pro se*, appeals from a judgment of the United States District Court for the District of Vermont (Sessions, *J.*), which granted summary judgment partially in favor of Pietrangelo and partially in favor of Defendant-Appellee the United States Army ("Army") on Pietrangelo's action under the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552, and denied Pietrangelo's motion for attorneys' fees and litigation costs under the FOIA's fee-shifting provision, 5 U.S.C. § 552(a)(4)(E). *See Pietrangelo v. U.S. Dep't of the Army*, No. 2:06-cv-170, 2007 U.S. Dist. LEXIS 46495 (D. Vt., June 27, 2007). This Court has not yet had the opportunity to address whether FOIA's fee-shifting provision allows district courts to award such fees to *pro se* lawyers who "substantially prevail" in their FOIA actions and otherwise meet the requirements of section 552(a)(4)(E). As the remaining issues on appeal do not raise new questions for our Court, we address them separately in a summary order that has been concurrently filed.

With respect to attorneys' fees, we join our sister Circuits and hold that lawyers representing themselves in FOIA litigation are not eligible for attorneys' fees under section

2

552(a)(4)(E). Accordingly, the judgment of the District Court as to attorneys' fees under section 552(a)(4)(E) is AFFIRMED.

Because the facts and procedural posture of this case have been set out in some detail by the District Court, *see Pietrangelo*, 2007 U.S. Dist. LEXIS 46495, at *2-11, we recount below only such facts as are necessary to resolve the attorneys' fees question. Pietrangelo filed a FOIA request with the Army asking for information regarding the issuance of Bronze Stars during Operation Iraqi Freedom. He had served as a judge advocate with the Army in Kuwait and Iraq during part of the first Iraq War, and requested these documents to expose alleged corrupt practices in the awarding of Bronze Stars. Although the Army eventually agreed to release a substantial number of redacted documents, it denied Pietrangelo's request for a full fee waiver for the cost for producing those documents. On August 24, 2006, Pietrangelo filed a lawsuit against the Army, claiming, *inter alia*, that the Army improperly refused to waive completely the fees for duplication.[1] The parties cross-moved for summary judgment, and the District Court granted in part and denied in part each party's motion. In particular, the District Court found that Pietrangelo was entitled to a full fee waiver for the costs of producing his FOIA request—which ultimately came to only $363—and dismissed all his remaining claims. As to Pietrangelo's motion for attorneys' fees under 5 U.S.C § 522(a)(4)(E), the District Court concluded that, as a

---

[1] This is Pietrangelo's second lawsuit regarding his FOIA request. Pietrangelo filed his first lawsuit against the Army because it had not responded to his request within twenty working days, as required by the FOIA, 5 U.S.C. § 552(a)(6)(A)(i). *See Pietrangelo v. Army*, 2:04-cv-44 ("*Pietrangelo I*"). That suit was dismissed without prejudice for failure to exhaust administrative remedies by appealing the decision to the Secretary of the Army. This Court upheld that decision on appeal. *Pietrangelo v. U.S. (Dep't of Army)*, 155 Fed. App'x 526 (2d Cir. Nov. 14, 2005).

*pro se* plaintiff, Pietrangelo was not entitled to attorneys' fees for his legal work related to this FOIA request.

Although we generally review a district court's award of attorneys' fees for an abuse of discretion, *see Mautner v. Hirsch*, 32 F.3d 37, 39 (2d Cir. 1994), Pietrangelo's contention on appeal is that the District Court made an error of law in denying such an award, and we review rulings of law *de novo*. *Baker v. Health Mgmt. Sys., Inc.*, 264 F.3d 144, 149 (2d Cir. 2001).

The FOIA provides that "[t]he court may assess against the United States reasonable attorney fees and other litigation costs reasonably incurred in any case under this section in which the complainant has substantially prevailed." 5 U.S.C. § 552(a)(4)(E)(i). To be entitled to such an award, a litigant must first establish eligibility by showing that he "substantially prevailed" in his lawsuit. *See Weisberg v. U.S. Dep't of Justice*, 745 F.2d 1476, 1495 (D.C. Cir. 1984). Second, if found eligible for fees, a litigant must show that he is entitled to an award under the four criteria the court weighs in determining whether fees are appropriate: (1) the public benefit derived from the case; (2) the commercial benefit to the plaintiff; (3) the nature of the plaintiff's interest in the records; and (4) whether the Government had a reasonable basis for withholding requested information. *Id.* at 1498; *see also Church of Scientology of Cal. v. U.S. Postal Serv.*, 700 F.2d 486, 492 (9th Cir. 1983); *Texas v. Interstate Commerce Comm'n*, 935 F.2d 728, 730 (5th Cir. 1991).

This Court has previously held that *pro se* litigants are generally not eligible for prevailing party attorneys' fee awards under the FOIA, *see Kuzma v. U.S. Postal Serv.*, 725 F.2d 16, 17 (2d Cir. 1984) (per curiam), but it has not yet considered whether a lawyer representing himself is entitled to such fees. Hence, we must determine for the first time whether Congress

4

intended under 5 U.S.C. § 552(a)(4)(E) to permit a district court to assess "reasonable attorneys fees" against the United States where those "fees" are based on the legal work of a *pro se* litigant who is also a lawyer.

The United States Supreme Court, in the context of an analogous fee-shifting provision in 42 U.S.C. § 1988, held that a lawyer appearing *pro se* is not eligible for an award of fees. *Kay v. Ehrler*, 499 U.S. 432, 437 (1991). In establishing this rule, the Supreme Court reasoned that although the fee-shifting provision of section 1988 was "no doubt intended to encourage litigation protecting civil rights," *id*. at 436, the "overriding statutory concern [was] the interest in obtaining independent counsel for victims of civil rights violations," *id*. at 437. Representation by independent counsel, the Supreme Court explained, has distinct advantages over even a skilled lawyer who represents himself. *Id*. To give just two examples, (a) ethical considerations may make it inappropriate for a lawyer to appear as a witness, and (b) a *pro se* lawyer is "deprived of the judgment of an independent third party in framing the theory of the case, evaluating alternative methods of presenting evidence, cross-examining hostile witnesses, formulating legal arguments, and in making sure that reason, rather than emotion, dictates the proper tactical response to unforeseen developments in the courtroom." *Id*.

Given the advantages of employing independent counsel, the Supreme Court concluded that the statutory policy of "furthering the successful prosecution of meritorious claims" was best served by a rule that "creates an incentive to retain counsel in every such case." *Id*. at 438. Permitting a fee award to a *pro se* litigant, even one who is a lawyer, would instead "create a disincentive to employ counsel." *Id*. Accordingly the Supreme Court held that *pro se* lawyers did not fall within the scope of the fee-shifting provision.

Although *Kay* was decided pursuant to section 1988, its reasoning is not confined to that statute. Indeed, both this Court and other "courts of appeals have [since *Kay*] denied attorney's fees to *pro se* attorneys under a variety of fee-shifting statutes. . . ." *Zucker v. Westinghouse Elec.*, 374 F.3d 221, 228-29 (3d Cir. 2004); *see id.* at 229 (holding that a shareholder-objector who represents himself as a *pro se* lawyer is not entitled to attorneys' fees under the common fund doctrine); *see also SEC v. Price Waterhouse*, 41 F.3d 805, 808 (2d Cir. 1994) (applying *Kay* to deny fees to *pro se* lawyers under the Equal Access to Justice Act, 28 U.S.C. § 2412).

Moreover, other of our sister Circuits have relied on *Kay* in determining that *pro se* lawyers are not eligible for attorneys' fees under FOIA's fee shifting provision. *See, e.g.*, *Burka v. U.S. Dep't of Health and Human Servs.*, 142 F.3d 1286, 1288-90 (D.C. Cir. 1998); *Ray v. U.S. Dep't of Justice*, 87 F.3d 1250, 1251 (11th Cir. 1996).[2] As explained by the Eleventh Circuit, the policies behind the section 1988 and FOIA fee-shifting provisions are "substantially similar," and there are no differences in the language of the two fee-shifting sections that suggest that the statutes should be "interpreted differently."[3] *Ray*, 87 F.3d at 1251; *see also Burka*, 142 F.3d at 1289 (reasoning that the Supreme Court implicitly rejected a distinction between fee claims arising under section 1988 and FOIA because the *Kay* Court referred with approval to a Sixth

---

[2] As noted in *Burka*, "[v]irtually all other courts that have considered this issue since *Kay* have reached a similar conclusion." 142 F.3d at 1289 (citing, among others, *Manos v. U.S. Dep't of the Air Force*, 829 F. Supp. 1191 (N.D. Cal. 1993)). There is only one post-*Kay* circuit decision in which a court has held that *pro se* litigants who are lawyers are entitled to attorneys' fees under the FOIA. *Id.* In that case, *Texas v. Interstate Commerce Committee*, which was decided three months after *Kay*, the Fifth Circuit followed pre-*Kay* precedent in holding that "if a FOIA plaintiff has actually and reasonably incurred legal fees . . . even if the lawyer is the plaintiff himself . . . he may recover reasonable attorneys fees from the federal government" as long as the other criteria are satisfied. 935 F.2d at 731-32 (footnote omitted). In reaching this conclusion, however, the Fifth Circuit failed to discuss the impact of the Supreme Court's decision in *Kay*.

[3] FOIA permits the court to assess against the federal government "reasonable attorney fees," 5 U.S.C. § 552(a)(4)(E), while section 1988 grants the court discretion to award "a reasonable attorney's fee," 42 U.S.C. § 1988(b).

Circuit opinion that denied attorneys' fees to a *pro se* lawyer in a successful FOIA action).  We also find no reason to distinguish the principles articulated in *Kay* and conclude that they apply with "equal force" to Pietrangelo's motion for fees under the FOIA.  *Ray*, 87 F.3d at 1252.  We therefore join our sister Circuits in holding that a plaintiff-lawyer representing himself in a FOIA action, even if he "substantially prevails," cannot recover attorneys' fees under 5 U.S.C. § 522(a)(4)(E).

The District Court's denial of Pietrangelo's motion for attorneys' fees is AFFIRMED.