09-3600-bk
United States v. Hudson

**UNITED STATES COURT OF APPEALS**

**FOR THE SECOND CIRCUIT**

August Term, 2010

(Argued: September 23, 2010      Decided: November 10, 2010)

Docket No. 09-3600-bk

- - - - - - - - - - - - - - - - - - - - - - - - - -x

UNITED STATES DEPARTMENT OF JUSTICE, TAX DIVISION,

                Appellee,

UNITED STATES OF AMERICA,

                Appellee-Cross Appellant,

      -v.-

PAUL S. HUDSON,

                Debtor-Appellant,

GREGORY G. HARRIS, Chapter 7 Trustee,

                Trustee.

- - - - - - - - - - - - - - - - - - - - - - - - - -x

    Before:        JACOBS, Chief Judge, KATZMANN and
                    LIVINGSTON, Circuit Judges.

Debtor-Appellant Paul S. Hudson appeals from a July 8, 2009 judgment of the United States District Court for the Northern District of New York (Scullin, J.), reversing the decision of the Bankruptcy Court of the Northern District of

New York (Littlefield, _J._), which awarded Mr. Hudson attorney's fees under 26 U.S.C. § 7430.  Mr. Hudson, a lawyer, is appearing pro se here, as he did in the bankruptcy court and the district court.  The district court held that a lawyer appearing pro se cannot be awarded attorney's fees pursuant to 26 U.S.C. § 7430.  We affirm.

Paul S. Hudson, Law Offices of Paul S. Hudson, Sarasota, FL, (Troy A. Morgan, Silver Spring, MD, on the brief), for Debtor-Appellant.

Richard L. Parker, Department of Justice, Tax Division (John A. DiCicco, Acting Assistant Attorney General, Bruce R. Ellisen, Attorney, on the brief), Washington, D.C., for Appellee.

DENNIS JACOBS, Chief Judge:

Debtor Paul S. Hudson, having successfully challenged a claim lodged against him in the bankruptcy court by the Internal Revenue Service ("IRS"), sought attorney's fees pursuant to 26 U.S.C. § 7430 of the Internal Revenue Code ("IRC"), which permits the prevailing party to recover litigation costs, including attorney's fees, in any proceeding brought by the United States in connection with the collection of interest on past due taxes.  Mr. Hudson, a

lawyer who appeared pro se in the bankruptcy court (as well as in the district court and now here), thus sought attorney's fees on account of his legal work on his own behalf.  The Bankruptcy Court of the Northern District of New York (Littlefield, J.) awarded IRC § 7430 attorney's fees, but the United States District Court for the Northern District of New York (Scullin, J.) reversed.  Mr. Hudson appeals from the district court's July 8, 2009 judgment.  We affirm.

I

Mr. and Mrs. Hudson were principals in a real estate rental firm that deemed its maintenance workers to be independent contractors for whom the firm paid no federal employment withholding tax.  After an audit, the IRS determined that the workers were employees, and assessed withholding and Federal Insurance Contributions Act ("FICA") taxes for 1989 and 1990.  See 26 U.S.C. §§ 3102(a), 3111, 3401, 3402(a), 3403.  The firm failed to pay, and the IRS assessed penalties pursuant to IRC § 6672 against Mr. and Mrs. Hudson in the amount of the unpaid withholding taxes.  When the firm filed for bankruptcy in 1995, the IRS sought

3

to recover the delinquent employment taxes from the estate. As to their personal exposure, the Hudsons entered into a Stipulation of Settlement of Claims ("Stipulation") which provided that "[t]he total liability of Eleanor and Paul Hudson shall be the trust fund portion" of the past due taxes in the amount of $30,838.49.

On November 12, 1999, Mr. Hudson himself filed for bankruptcy. The IRS filed an amended proof of claim seeking, <u>inter</u> <u>alia</u>, $50,026.61, which represented the employment tax penalty in the amount of $27,916.49 (i.e., the unpaid past due taxes owed by the firm) *plus* statutory interest in the amount of $22,110.12. While the bankruptcy petition was pending, the IRS sent Mrs. Hudson a final notice of its intent to levy penalties exceeding the amount of her settlement per the Stipulation. After a collection-due-process hearing pursuant to IRC § 6330, the IRS Office of Appeals sustained the proposed collection action, and Mrs. Hudson sought review. The United States District Court for the Northern District of New York ruled that the plain wording of the Stipulation absolved her of liability for any interest.

Relying on the district court's ruling, Mr. Hudson

4

argued in his bankruptcy case that he likewise was not liable for interest accrued on the employment tax penalty. The bankruptcy court agreed. Having thus prevailed, Mr. Hudson moved for attorney's fees pursuant to IRC § 7430. Citing the Fifth Circuit's holding in Cazalas v. United States Department of Justice, 709 F.2d 1051 (5th Cir. 1983) (awarding fees in the context of the Freedom of Information Act), the bankruptcy court awarded fees.[1] The bankruptcy court reasoned that "[b]y allowing reasonable fees to pro se attorney litigants, the court will promote the 'vigorous advocacy' policy advanced by the Court of Appeals for the Fifth Circuit in Cazalas while still retaining the ability to control fees awarded based on the facts of the case." In re Hudson, 345 B.R. 477, 484 (Bankr. N.D.N.Y. 2006).

On the Government's appeal, the district court reversed, relying on the reasoning in Kay v. Ehrler, 499 U.S. 432 (1991), McCormack v. United States, 891 F.2d 24 (1st Cir. 1989) (per curiam), and United States v. McPherson, 840 F.2d 244 (4th Cir. 1988). This appeal followed.

---

[1] Although Mr. Hudson sought $21,106, the Bankruptcy Court found the fee application "replete with deficiencies and problems," and awarded $6,831.25. In re Hudson, 364 B.R. 875, 879, 882 (Bankr. N.D.N.Y. 2007).

5

## II

Although we generally review a district court's award of attorney's fees for an abuse of discretion, see Mautner v. Hirsch, 32 F.3d 37, 39 (2d Cir. 1994), Mr. Hudson's contention on appeal is that the denial of the fee award was based on an error of law. We review rulings of law de novo. Baker v. Health Mgmt. Sys., Inc., 264 F.3d 144, 149 (2d Cir. 2001).

## III

Section 7430 of the IRC provides that "[i]n any administrative or court proceeding which is brought by or against the United States in connection with the determination, collection, or refund of any tax, interest, or penalty . . . the prevailing party may be awarded a judgment or a settlement for . . . reasonable litigation costs incurred in connection with such court proceeding." 26 U.S.C. § 7430(a)(2). "[R]easonable litigation costs" is defined (inter alia) to "include[] reasonable fees paid or incurred for the services of attorneys in connection with the court proceeding." 26 U.S.C. § 7430(c)(1)(B)(iii).

6

In other statutory contexts, this Court has ruled that a lawyer appearing pro se is not entitled to attorney's fees.  See Pietrangelo v. U.S. Army, 568 F.3d 341, 342 (2d Cir. 2009) (per curiam) (Freedom of Information Act); Hawkins v. 1115 Legal Serv. Care, 163 F.3d 684, 694-95 (2d Cir. 1998) (Title VII and 42 U.S.C. § 1981); c.f. S.N. ex rel. J.N. v. Pittsford Cent. School Dist., 448 F.3d 601, 604 (2d Cir. 2006) (attorney-parents representing children in actions brought under the Individuals with Disabilities Education Act).  But we have not previously considered whether a lawyer appearing pro se is entitled to fees under IRC § 7430.

Finding no reason to depart from our reasoning in Pietrangelo or Hawkins, and joining our sister Circuits that have considered this provision of the IRC, see McCormack v. United States, 891 F.2d 24, 25 (1st Cir. 1989) and United States v. McPherson, 840 F.2d 244, 245 (4th Cir. 1988), we hold that lawyers appearing pro se who prevail in administrative or court proceedings against the United States are ineligible for attorneys' fees under IRC § 7430.

**A**

Section 7430 of the IRC provides that a prevailing

7

party is entitled to collect "reasonable fees paid or incurred for the services of attorneys in connection with the court proceeding."  26 U.S.C. § 7430(c)(1)(B)(iii) (emphasis added).  Mr. Hudson may recover therefore only if he either paid or incurred fees for the services of an attorney.  Mr. Hudson never paid an attorney; so the question is whether he may be said to have incurred attorney's fees by virtue of the time he invested litigating the tax issue in bankruptcy court.

"Incur" means "[t]o suffer or bring on oneself (a liability or expense)."  Black's Law Dictionary 836 (9th ed. 2009).  In this context, a "liability" is "[a] financial or pecuniary obligation; debt."  Id. at 997.  An "expense" is "[a]n expenditure of money, time, labor, or resources to accomplish a result."  Id. at 658.  At most one could say that Mr. Hudson brought on himself an expenditure of time defending himself against the IRS.  While his time could be characterized as an "expense," it cannot be characterized as a "fee," which is defined as a "charge for labor or services, [especially] professional services."  Id. at 690.

Moreover, Mr. Hudson never incurred fees for the services of an attorney because an "attorney" is "one who is designated to transact business for another" or is "a legal

8

agent." Id. at 147. An agent is "a representative"; so Mr. Hudson cannot have acted as an agent for himself, id. at 72; see Duncan v. Poythress, 777 F.2d 1508, 1518, 1519 (11th Cir. 1985) (Roney, J., dissenting) (cataloguing the definition of "attorney" from more than two dozen dictionaries and finding that "[w]ithout exception they define the word 'attorney' in terms of someone who acts for *another*, someone who is employed as an agent to represent *another*, someone who acts at the appointment of *another*") (emphasis in original); see also Frisch v. Comm'r, 87 T.C. 838, 846 (1986) ("An 'attorney' is essentially an agent for another. Without the 'other' there can be no attorney, merely a pro se litigant who happens to earn a living as a lawyer. At any given time, an individual can be either a pro se litigant or an attorney, but not both."); 2A C.J.S. Agency § 24 (2010) ("The parties to an agency relationship are the principal and the agent, and an agent cannot exist without a then-existing principal."); Black's Law Dictionary 1341 (9th ed. 2009) (defining pro se to mean "[o]ne who represents oneself in a court proceeding without the assistance of a lawyer").

In holding that Mr. Hudson is ineligible to receive attorney's fees under the plain wording of IRC § 7430, we

join our sister Circuits that have addressed this issue, as well as the Tax Court, all of which have held that lawyers appearing pro se "did not pay any fees for legal services nor incur any debts which remain outstanding." McPherson, 840 F.2d at 245; see Frisch, 87 T.C. at 845-47 ("The simple truth is that the plain language of section 7430 cannot be read to include lost opportunity costs, but is limited to actual expenditures . . . . In representing himself, petitioner did not become liable to another person for attorney fees nor did he bring down upon himself any debt.").

While Mr. Hudson did expend time and effort to litigate (successfully) the issue of the IRS's interest assessment on the settlement amount, he paid no out-of-pocket expenses and incurred no obligation for the services of an attorney and therefore is not entitled to attorney's fees pursuant to IRC § 7430.

**B**

Awarding attorneys' fees to lawyers appearing pro se would not serve the policy of fee-shifting statutes such as IRC § 7430. In Pietrangelo v. United States Army, we declined to award fees to a lawyer appearing pro se under

10

the fee-shifting provision of the Freedom of Information Act, 5 U.S.C. § 552(a)(4)(E). Pietrangelo, 568 F.3d at 341. Citing Kay v. Ehrler, 499 U.S. 432 (1991), which denied fees to a lawyer appearing pro se under 42 U.S.C. § 1988, we explained:

> [T]he Supreme Court reasoned that although the fee-shifting provision of section 1988 was "no doubt intended to encourage litigation protecting civil rights," [Kay, 499 U.S.] at 436, the "overriding statutory concern [was] the interest in obtaining independent counsel for victims of civil rights violations," id. at 437. Representation by independent counsel, the Supreme Court explained, has distinct advantages over even a skilled lawyer who represents himself. Id. To give just two examples, (a) ethical considerations may make it inappropriate for a lawyer to appear as a witness, and (b) a pro se lawyer is "deprived of the judgment of an independent third party in framing the theory of the case, evaluating alternative methods of presenting evidence, cross-examining hostile witnesses, formulating legal arguments, and in making sure that reason, rather than emotion, dictates the proper tactical response to unforeseen developments in the courtroom." Id.
>
> Given the advantages of employing independent counsel, the Supreme Court concluded that the statutory policy of "furthering the successful prosecution of meritorious claims" was best served by a rule that "creates an incentive to retain counsel in every such case." Id. at 438. Permitting a fee award to a pro se litigant, even one who is a lawyer, would instead "create a disincentive to employ counsel." Id. Accordingly the Supreme Court held that pro se lawyers did not fall within the scope of the fee-shifting provision.

568 F.3d at 343-44.

11

The policy underlying statutes such as IRC § 7430 is to incentivize litigants to retain counsel in order to prevent overreaching by the IRS; awarding pro se litigants attorneys' fees would run counter to that policy by discouraging litigants who are lawyers from obtaining outside, independent counsel.

The fee-shifting provision of IRC § 7430, like the fee-shifting provisions of 42 U.S.C. § 1988 and 5 U.S.C. § 552(a)(4)(E), exists to further "the successful prosecution of meritorious claims" and to ensure that taxpayers are not forced into settlements with the IRS because the cost of litigation outweighs the amount in controversy. Kay, 499 U.S. at 438. We "find no reason to distinguish the principles articulated in Kay and conclude that they apply with 'equal force' to [Mr. Hudson's] motion for fees under [IRC § 7430]." Pietrangelo, 568 F.3d at 345 (quoting Ray v. U.S. Dep't of Justice, 87 F.3d 1250, 1252 (11th Cir. 1996)).

**CONCLUSION**

For the foregoing reasons, we AFFIRM the judgment of the district court.