23-137-cv
*Wilson v. Federal Bureau of Investigation*

# United States Court of Appeals
# For the Second Circuit

August Term 2023

Argued: December 15, 2023
Decided: January 29, 2024

No. 23-137-cv

---

JOHN WILSON,

*Plaintiff-Appellant,*

*v.*

FEDERAL BUREAU OF INVESTIGATION,

*Defendant-Appellee,*

---

Appeal from the United States District Court
for the Southern District of New York
No. 1:20CV10324, Lewis A. Kaplan, *Judge.*

---

Before: PARKER, NATHAN, AND MERRIAM, *Circuit Judges.*

Plaintiff-Appellant John Wilson appeals from the District Court's November 28, 2022, judgment denying his motion for attorneys' fees and costs under the Freedom of Information Act ("FOIA"), 5 U.S.C. §552(a)(4)(E)(i). Wilson, dissatisfied with the response of Defendant-Appellee Federal Bureau of Investigation ("FBI") to several FOIA requests, brought suit in federal court asserting that the FBI had conducted an inadequate search. The District Court

granted Wilson's motion for summary judgment in part, ordering the FBI to conduct a search of an additional database. The additional search resulted in no new disclosures to Wilson. Thereafter, Wilson filed a motion seeking an award of attorneys' fees and costs as a substantially prevailing party under FOIA's fee-shifting provision. The District Court denied Wilson's motion, finding that although Wilson was statutorily eligible for fees, he was not entitled to fees under the criteria articulated by this Court in Pietrangelo v. United States Army, 568 F.3d 341 (2d Cir. 2009) (per curiam). We conclude that the District Court correctly applied the Pietrangelo factors and did not abuse its discretion in holding that those factors weighed against an award of attorneys' fees and costs.

**AFFIRMED.**

> DAVID B. RANKIN (Katherine "Q" Adams, *on the brief*), Beldock Levine & Hoffman LLP, New York, NY, *for Plaintiff-Appellant.*
>
> DANA WALSH KUMAR (Christopher Connolly, *on the brief*), Assistant United States Attorneys, *for* Damian Williams, United States Attorney for the Southern District of New York, New York, NY, *for Defendant-Appellee.*

PER CURIAM:

Plaintiff-Appellant John Wilson appeals from the District Court's November 28, 2022, judgment denying his motion for attorneys' fees and costs under the Freedom of Information Act ("FOIA"), 5 U.S.C. §552(a)(4)(E)(i).

This appeal is the culmination of Wilson's efforts to obtain records about himself from Defendant-Appellee Federal Bureau of Investigation ("FBI").

Between June 2013 and October 2019, Wilson submitted three FOIA requests to the FBI. The March 26, 2014, request, which was his second FOIA request and primary focus of his complaint, states: "I request disclosure of all agency records concerning, naming, or relating to me." App'x at 14. In response to this request, the FBI produced ten pages of records. Wilson then submitted a third request, again seeking all records pertaining to him. In response to that request, the FBI informed Wilson that it had already produced all responsive records.

After exhausting his administrative remedies, Wilson filed suit in the Southern District of New York, alleging that the FBI had failed to conduct an adequate search under FOIA, 5 U.S.C. §§552(a)(3), (a)(4)(B). In April 2021, while the suit was pending, the FBI made a revised production, which contained five pages that had not been produced in response to Wilson's FOIA requests. Each of the five new pages was largely duplicative of pages already produced, but one page contained a handwritten note that had previously been redacted.

Wilson and the FBI each moved for summary judgment; the District Court granted the motions in part and denied them in part. Specifically, the District Court found that the FBI's records search was adequate, except for its failure to search the Delta system — its record-keeping system for records pertaining to

3

confidential sources. The District Court therefore ordered the FBI to search the Delta system for responsive records. The FBI complied and informed the court that it had found no responsive records.

Thereafter, Wilson filed a motion seeking attorneys' fees and costs under FOIA's fee-shifting provision, 5 U.S.C. §552(a)(4)(E)(i). The Magistrate Judge recommended denying Wilson's motion, concluding that Wilson was statutorily eligible for fees under FOIA's fee-shifting provision but was not entitled to fees under the criteria articulated by this Court in Pietrangelo v. United States Army, 568 F.3d 341 (2d Cir. 2009) (per curiam). The District Judge adopted the Magistrate Judge's report and recommendation over Wilson's objection, denying the motion for fees.

We conclude that the District Court correctly applied the Pietrangelo factors, and did not abuse its discretion in holding that those factors weighed against an award of attorneys' fees and costs. We therefore **AFFIRM** the judgment of the District Court.

I.    **Standard of Review**

We review a district court's denial of attorneys' fees and costs for abuse of discretion. See Lilly v. City of New York, 934 F.3d 222, 227 (2d Cir. 2019);

4

Pietrangelo, 568 F.3d at 343. Other Courts of Appeals have "explained how abuse of discretion review applies in the FOIA attorney's fees context. . . . First, 'we review for abuse of discretion the district court's analysis of each of the four individual factors.' Second, 'we review for abuse of discretion the district court's balancing of the four factors.'" Schoenberg v. FBI, 2 F.4th 1270, 1276 (9th Cir. 2021) (quoting Morley v. CIA, 894 F.3d 389, 391 (D.C. Cir. 2018) (per curiam)). Arguments that a district court committed legal error in denying a fee award are reviewed de novo. See Pietrangelo, 568 F.3d at 343.

## II. Discussion

Wilson contends on appeal that in denying his motion for attorneys' fees, the District Court erroneously created and applied "a heightened standard requiring a significant degree of success in the litigation, as defined by the amount of new information gained." Appellant's Br. at 14. Wilson also challenges the District Court's application of the first, third, and fourth Pietrangelo factors.

The parties do not dispute that Wilson is statutorily eligible for a fee award under FOIA's fee-shifting provision. The only issue on appeal is whether the District Court abused its discretion in concluding that Wilson is not entitled to a

5

fee award under the four criteria articulated in <u>Pietrangelo</u>.[1] For the reasons articulated below, we conclude that the District Court did not abuse its discretion in applying or weighing the <u>Pietrangelo</u> factors and it did not create or apply a "heightened standard" for determining Wilson's entitlement to attorneys' fees and costs.

### A. Attorneys' Fees Awarded Pursuant to FOIA

At the outset, we recognize that the D.C. Circuit is "something of a specialist in adjudicating FOIA cases, given the nature of much of its caseload." <u>Whitaker v. Dep't of Com.</u>, 970 F.3d 200, 206 n.25 (2d Cir. 2020) (citation and quotation marks omitted). There is little precedent in this Circuit applying FOIA's fee-shifting provision. Accordingly, we look approvingly to the decisions of the D.C. Circuit for guidance in this area.

Under FOIA's fee-shifting provision, a district court may "assess against the United States reasonable attorney fees and other litigation costs reasonably

---

[1] The Magistrate Judge included an alternative recommendation addressing the reasonableness of the fees and costs claimed by Wilson "in the event that" the District Court determined Wilson was "'entitled' to attorneys' fees and costs." App'x at 151. Wilson also challenges this portion of the recommended ruling, contending that the Magistrate Judge improperly recommended a reduction of the fees and costs claimed. Because we conclude that the District Court acted within its discretion in finding that Wilson is not entitled to an award of attorneys' fees or costs, we do not reach this argument.

incurred" by a complainant who "has substantially prevailed" in his or her FOIA action. 5 U.S.C. §552(a)(4)(E)(i). If a litigant is statutorily eligible for fees under this provision, the district court must then weigh four criteria to determine whether the litigant is entitled to an award of fees: "(1) the public benefit derived from the case; (2) the commercial benefit to the plaintiff; (3) the nature of the plaintiff's interest in the records; and (4) whether the [g]overnment had a reasonable basis for withholding requested information." Pietrangelo, 568 F.3d at 343.

### B. Application of Pietrangelo Factors

#### 1. Public Benefit

As other Courts of Appeals have observed, "[p]robably the most important consideration in determining entitlement to fees in a FOIA case is the benefit to the public which is to be derived from release of the information sought." Miller v. U.S. Dep't of State, 779 F.2d 1378, 1389 (8th Cir. 1985). "[T]he public-benefit factor requires an ex ante assessment of the potential public value of the information requested, with little or no regard to whether any documents supplied prove to advance the public interest." Morley v. CIA, 810 F.3d 841, 844 (D.C. Cir. 2016). "To have potential public value, the request must have at least a

modest probability of generating useful new information about a matter of public concern. The higher this probability and the more valuable the new information that could be generated, the more potential public value a request has." Id. (citation and quotation marks omitted).

The District Court correctly concluded that this first factor does not support an award of fees because the documents Wilson obtained had little public value and the records he sought were of personal, rather than public, interest. Wilson argues that the District Court committed legal error by considering the public value of the documents obtained because of the litigation, rather than assessing ex ante the potential public value of his request. But even considering only the potential public value of the request, the personal nature of the information Wilson requested nonetheless weighs against an award of fees.

Wilson further contends that the first factor weighs in his favor because the materials he requested would shed light on the records the government maintains on its citizens generally. We disagree. Wilson's FOIA requests were very clear: he sought records pertaining only to himself. While the release of records relating to Wilson might conceivably increase the public's "knowledge of its government[,] . . . Congress did not have this broadly defined benefit in mind

8

when it amended FOIA to authorize attorneys' fees . . . ." Cotton v. Heyman, 63 F.3d 1115, 1120 (D.C. Cir. 1995). And Wilson's requests were not "likely to add to the fund of information that citizens may use in making vital political choices," a key inquiry under the public benefit factor. Id. (citation and quotation marks omitted). Accordingly, we agree with the District Court that the public benefit factor, the most important in the analysis, weighs against an award of fees.[2]

### 2.      The Nature of Wilson's Interest in the Records

The District Court also correctly concluded that the third Pietrangelo factor, the nature of Wilson's interest in the records, weighs against an award of fees. Wilson challenges this conclusion, contending that he (1) lacked commercial motivation and (2) "maintains an online accounting" of his experiences to share with the public. Appellant's Br. at 18. But his requests can be personal in nature even if they were not commercially motivated. The record supports the District Court's conclusion that Wilson sought the documents for purely personal reasons, particularly, his desire to collect information about why he was allegedly contacted by FBI agents. Wilson's online accounting of his experiences has no bearing on that fact. As the D.C. Circuit has explained, plaintiffs "who

---

[2] Because the parties agree that the second Pietrangelo factor, commercial benefit, weighs in favor of a fee award, we do not address this second factor in our discussion.

9

have a sufficient private interest in the requested information do not need the additional incentive of recovering their fees and costs to induce them to pursue their request in the courts." LaSalle Extension Univ. v. FTC, 627 F.2d 481, 484 (D.C. Cir. 1980) (per curiam); see also Davy v. CIA, 550 F.3d 1155, 1160 (D.C. Cir. 2008) ("[T]hose who seek documents for private advantage . . . cannot deserve a subsidy as they benefit only themselves and typically need no incentive to litigate."). We thus agree with the District Court's determination that the third factor weighs against an award of fees.

3. The FBI's Basis for Withholding

The District Court also correctly concluded that the fourth Pietrangelo factor weighs against a fee award. The fourth factor "considers whether the agency's opposition to disclosure had a reasonable basis in law . . . ." Davy, 550 F.3d at 1162 (citation and quotation marks omitted). Here, "[t]he question is not whether [Wilson] has affirmatively shown that the agency was unreasonable, but rather whether the agency has shown that it had any colorable or reasonable basis for not disclosing the material until after [Wilson] filed suit." Id. at 1163.

Wilson contends that the District Court's order requiring the FBI to search its Delta system establishes that the FBI's initial decision not to conduct such a

10

search lacked a reasonable basis in law. We disagree. The FBI initially declined to conduct the search because it believed the system contained no responsive records. The reasonableness of that position is evidenced by the fact that the subsequent Delta search yielded zero responsive records. We therefore agree with the District Court's determination that the FBI's decision to not search the Delta system had a reasonable basis in law.

Because three of the four Pietrangelo factors in this case weigh against the award of fees, the District Court did not abuse its discretion in denying Wilson's motion for attorneys' fees and costs under FOIA's fee-shifting provision.

### III. Conclusion

We conclude that the District Court correctly applied the Pietrangelo factors and did not abuse its discretion in holding that those factors weighed against an award of attorneys' fees and costs. We therefore **AFFIRM** the judgment of the District Court.

11