24-3192-cv
*Buckley v. U.S. Dep't of Just.*

**UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT**

**SUMMARY ORDER**

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 14th day of October, two thousand twenty-five.

Present:

> GUIDO CALABRESI,
> DENNY CHIN,
> EUNICE C. LEE,
> *Circuit Judges*.

---

NATHANIEL J. BUCKLEY,

> *Plaintiff-Appellant*,

v.                                                              No. 24-3192-cv

UNITED STATES DEPARTMENT OF JUSTICE,

> *Defendant-Appellee*.

---

| | |
|---|---|
| For Appellant: | Michael Kuzma, Michael Kuzma Attorney at Law, Buffalo, NY. |
| For Appellee: | Michael S. Cerrone, Assistant United States Attorney, *for* Michael DiGiacomo, United States Attorney for the Western District of New York, Buffalo, NY. |

Appeal from a judgment of the United States District Court for the Western District of New York.

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED**.

Appellant Nathaniel J. Buckley appeals from a judgment of the United States District Court for the Western District of New York (Leslie G. Foschio, *Magistrate Judge*)[1] entered on November 6, 2024, granting in part and denying in part the parties' cross-motions for summary judgment and denying Buckley's request for attorneys' fees. Buckley sought records under the Freedom of Information Act (FOIA), 5 U.S.C. § 552(a), related to a domestic terrorism investigation of him and of a bookshop he co-owns. The investigation ended without charges. In response to his initial public records request, Appellee the Department of Justice (DOJ) and its component the Federal Bureau of Investigation (FBI) released 14 partially redacted pages, of 16 relevant pages it identified. After Buckley filed this suit, another 54 partially redacted pages, out of 58 pages identified as relevant, were released to him. The district court's summary judgement order did not result in the release of any additional records. Buckley appealed.

On appeal, Buckley argues that the DOJ improperly withheld information about the units, squads, and divisions that were involved in the investigation and about alleged confidential informants under FOIA Exemption 7. Buckley also argues that the district court erred in denying him attorneys' fees because he should be considered a prevailing party under the catalyst theory. We assume the parties' familiarity with the case.

Because this case was decided on summary judgment, we review *de novo* Buckley's arguments related to Exemption 7. *Jabar v. U.S. Dep't of Just.*, 62 F.4th 44, 48 (2d Cir. 2023) (per curiam). We review the denial of attorneys' fees for abuse of discretion, except insofar as Buckley

---

[1] The Parties consented to the Magistrate Judge's authority to conduct all proceedings on August 16, 2019.

argues the Magistrate Judge "committed legal error in denying a fee award," which we review *de novo*. *Wilson v. Fed. Bureau of Investigation*, 91 F.4th 595, 598 (2d Cir. 2024) (per curiam).

## I.      The Applicability of FOIA Exemption 7

FOIA Exemption 7 lists six sub-categories of "records or information compiled for law enforcement purposes" that are exempt from release under FOIA. 5 U.S.C. § 552(b)(7). As a threshold matter, Buckley argues that because the investigatory records here were compiled not for legitimate law enforcement purposes but for political reasons, Exemption 7 does not apply to records in this case. But the law of this Circuit is clear and to the contrary: When records are sought from a law enforcement agency, we cannot "engage in a factual inquiry as to the legitimacy of a law enforcement purpose" when applying Exemption 7. *Ferguson v. Fed. Bureau of Investigation*, 957 F.2d 1059, 1070 (2d Cir. 1992). Instead, we must assume "that all investigatory records of the FBI were compiled for a law enforcement purpose" even "in the event a court determined such records were compiled in the course of an unwise, meritless or even illegal investigation." *Williams v. Fed. Bureau of Investigation*, 730 F.2d 882, 884–85 (2d Cir. 1984).[2] Exemption 7 therefore may be applied to the contested records in this case.

### A.  Withholding Information About Confidential Informants Under FOIA Exemption 7(D)

Buckley seeks disclosure of any confidential informants who offered information in his case and of their confidential source symbol numbers. Exemption 7(D) exempts law enforcement records from disclosure if the records "could reasonably be expected to disclose the identity of a confidential source" or if they include "information furnished by a confidential source" (in the

---

[2] Other circuits take a contrary approach, requiring a rational nexus between the investigative records and a legitimate law enforcement purpose. *See, e.g.*, *Pratt v. Webster*, 673 F.2d 408, 421 (D.C. Cir. 1982); *Binion v. U.S. Dep't of Just.*, 695 F.2d 1189, 1194 (9th Cir. 1983); *Davin v. U.S. Dep't of Just.*, 60 F.3d 1043, 1056 (3d Cir. 1995), *holding modified by, Abdelfattah v. U.S. Dep't of Homeland Sec.*, 488 F.3d 178 (3d Cir. 2007) (per curiam). There is much to be said for that position. We are, however, bound by our Court's precedent.

course of a criminal or national security investigation). 5 U.S.C. § 552(b)(7)(D). Buckley argues that, even if the contested records were compiled for law enforcement purposes, information about confidential informants in his case should nonetheless be disclosed because the alleged informants here waived their protection. Moreover, he argues that the FBI has not always protected confidential informants' information, thereby undercutting its argument that such protection is necessary for its operations.

There is no basis for Buckley's argument in law. Exemption 7(D) contains no balancing test as a result of which the Congressional intent to protect confidential sources could be undermined by the actions of those sources or of the FBI. Exemption 7(D) is part of "a scheme of categorical exclusion." *Ferguson*, 957 F.2d at 1068 (quoting *Fed. Bureau of Investigation v. Abramson*, 456 U.S. 615, 631 (1982)). "[S]ubsequent disclosures of the identity of a confidential source" and other "[s]uch considerations are not relevant to the applicability of exemption 7(D)." *Id.* Information about confidential informants in Buckley's case, if such information exists, is therefore exempt from disclosure under Exemption 7(D).

**B. Withholding Information About Participating Units Under Exemption 7(E)**

Buckley seeks the names of the units, squads, or divisions that were involved in his investigation. Exemption 7(E) exempts two categories of investigative records from release under FOIA: (1) those that "would disclose techniques and procedures for law enforcement investigations or prosecutions," and (2) those that "would disclose guidelines for law enforcement investigations or prosecutions if such disclosure could reasonably be expected to risk circumvention of the law." 5 U.S.C. § 552(b)(7)(E).

Buckley argues that the first category—"techniques and procedures"—cannot be construed to include the names of investigative units. But, in fact, the identification of investigative units

easily fits in the category of "guidelines," which this Court has said "in the context of Exemption 7(E) [refers] to resource allocation." *Allard K. Lowenstein Int'l Hum. Rts. Project v. U.S. Dep't of Homeland Sec.*, 626 F.3d 678, 682 (2d Cir. 2010). On these particular facts, the DOJ has met its burden of showing that revealing the identity of units involved in FBI counterterrorism investigations would amount to a revelation of information about resource allocation, and that such revelation could reasonably be expected to risk circumvention of the law. Exemption 7(E) is thus satisfied.

## II.     Buckley's Eligibility for Attorneys' Fees

Buckley also argues that the Magistrate Judge erred in denying him attorneys' fees. In the absence of a judgment in his favor, a plaintiff may still be entitled to attorneys' fees under FOIA's so-called catalyst theory. He must show "a voluntary or unilateral change in position by the agency" and that his "claim is not insubstantial." 5 U.S.C. § 552(a)(4)(E)(ii)(II). In other words, Buckley can be a prevailing party, despite losing on the merits below, if he can show that the DOJ changed course and released records due to a "not insubstantial" claim he brought. Buckley points out that the DOJ released 54 additional pages of information after he filed suit, and that this creates an inference that he prevailed under the catalyst theory.

The DOJ, however, argues that it released these additional records not because of Buckley's suit but because he finally, in 2019, submitted release forms from other individuals. Thus, according to the DOJ, "the catalyst for the . . . 2019 release of records was the provision of the release forms and not the filing of the lawsuit." Appellee's Br. at 31.

Buckley notes that he submitted identical release forms much earlier, in 2018. He has a point. The DOJ gives no reason why the release forms submitted by Buckley's counsel in 2018— which covered the same individuals as did the release forms submitted in 2019, after Buckley filed suit—were procedurally deficient. Further, the DOJ's briefing admits that the 2018 release forms

5

effectively "authorized release of information to Buckley's counsel[.]" Appellee's Br. At 4. Buckley's inference that it was litigation, not the 2019 release forms, that catalyzed the cross-reference release is therefore plausible.

And yet, Buckley failed to raise this issue below. His catalyst-theory argument at the district court level made no mention of the 2018 release forms. As the Magistrate Judge rightly noted, the mere filing of a complaint and subsequent release of documents is insufficient to establish that the lawsuit substantially caused the requested records to be released; the plaintiff bears the burden of showing that the government would not have released the records but for the lawsuit. Buckley neglected to assert the February 2018 release forms in his district court submission and, therefore, failed to meet this burden. Under the circumstances, we see no reason to conclude that the Magistrate Judge clearly erred in its factual finding that Buckley's suit was not the catalyst for the additional release of information.

*      *      *

We have considered Buckley's remaining arguments and find them unpersuasive. Accordingly, we **AFFIRM** the judgment of the district court.

FOR THE COURT:

Catherine O'Hagan Wolfe, Clerk